JUSTICE TRIEWEILER
concurring and dissenting.
¶48 I concur with the majority’s conclusion that the exclusionary rule does not apply to evidence of Matthew Courville’s altercation with Deputy Sheriff Larry Kirby following his detention. I agree that the evidence was admissible pursuant to our prior decision in State v Ottwell (1989), 239 Mont. 150, 779 P.2d 500. However, I do not agree with all that is said in the majority Opinion during its discussion of the suppression issue. Specifically, I do not agree that the law of “attenuated” evidence applies in this case. I would simply conclude as the Court did in Ottwell that the exclusionary rule does not apply to evidence of criminal conduct committed in response to a claimed Fourth Amendment violation.
¶49 I also disagree with language in ¶ 26 of the majority Opinion to the effect that had Courville simply submitted to Kirby’s authority, it *229 is likely that no violent confrontation would have followed. Who caused the violent confrontation, depends on who you believe. While the majority’s observation may be true based on Kirby’s version of events, it certainly is not supported by Courville’s version of events. I do not presume to know which version is correct. However, it is irresponsible to suggest that in every encounter between police and private citizens, the key to a peaceful resolution is to simply submit to the authority of the State no matter how violently or illegally it is imposed.
¶50 I dissent from the majority’s conclusion that the District Court did not abuse its discretion when it gave Instruction No. 22 to the jury. The jury was told:
A person is not authorized to use force to resist an arrest which he knows is being made by a peace officer, even if he believes that the arrest is unlawful and the arrest in fact is unlawful.
Instruction No. 22. (Emphasis added.)
¶51 The District Court erred by giving Instruction No. 22 for two reasons. First, Courville pled guilty to resisting arrest long before trial and the instruction was irrelevant to any issue the jury was being asked to decide. Secondly, Courville is correct when he asserts that Instruction No. 22 completely nullified his statutory right to rely on self-defense as a defense to the claim that he assaulted Kirby.
¶52 There was no way for the jury to reconcile the District Court’s instruction that Courville was entitled to use force if necessary to defend himself against the imminent use of unlawful force (Instruction No. 21) with the court’s subsequent instruction to the jury that Courville was not authorized to use force to resist an arrest no matter how unlawful (Instruction No. 22). The altercation at issue occurred in the context of an arrest. Either Courville was entitled to defend himself or he wasn’t. However, the jury was instructed first that he was and then that he wasn’t.
¶53 In a classic example of intellectual hairsplitting, the majority concedes that while reconciling § 45-3-108, MCA (related to resisting arrest), and § 45-3-102, MCA (related to self-defense), may seem internally inconsistent, they can be reconciled because § 46-6-104(2), MCA, permits only that degree of force by law enforcement officers necessary to make an arrest. The majority then concludes in ¶ 39 that:
Where the claim is that a peace officer used unlawful force in executing an arrest and the person subject to the restraint reasonably believed that he must defend himself against the imminent use of this unlawful force, then the resolution of those conflicting claims is properly left to the jury.... [Emphasis added.]
¶54 However, the resolution of the conflicting claim was not left to the jury because in Instruction No. 22 the jury was told that it did not matter whether Kirby’s arrest was lawful or unlawful. The jury was told that Courville’s resistance could not be justified under the law no matter how unlawful Kirby’s conduct may have been.
¶55 Because Instruction No. 22 should not have been given in this *230 case, I would reverse Courville’s conviction and remand for a new trial with proper instructions to the jury. Therefore, I would conclude that it is not necessary to reach the issue of whether § 45-3-108, MCA, is constitutional.
¶56 However, because the majority addresses the constitutionality of § 45-3-108, MCA, it is necessary to point out that under circumstances other than those present in this case, the statute could implicate a defendant’s constitutional rights to equal protection and due process of law. I believe that denial of a person’s right to defend himself or herself against the imminent use of unlawful force is a denial of due process. I would also conclude that to deny citizens who are victims of unlawful force by police officers the right to defend themselves, while at the same time permitting victims of unlawful force by anyone other than a police officer to defend themselves, violates the right to equal protection. The effect of § 45-3-108, MCA, would be under some circumstances to nullify the right of self-defense for victims of police violence and, therefore, unconstitutional. When the majority states, as it does in ¶ 36, that:
If Courville had been able to satisfy the jury that he reasonably believed that his conduct was necessary to defend himself against the imminent use of unlawful force by Kirby, then he would have been entitled to acquittal....,
the majority is simply incorrect. Based on Instruction No. 22, the jury could not have acquitted Courville no matter how excessive and unlawful the force used by Kirby was proven to be.
¶57 Finally, I disagree with the majority’s conclusion that Courville waived his right to rely on the Supreme Court’s decision in Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435. Courville objected to the enhancement of his sentence based on violation of his right to due process. That objection was sufficient to place the District Court on notice of the constitutional rights at issue in Apprendi. There is no rule of procedural law which requires that a party specify the case name for the principle of law on which he or she relies in the district court in order to preserve that issue for appeal. Having concluded that Courville did not waive his right to rely on Apprendi, I would also conclude that Apprendi prohibits enhancement of his sentence for use of a weapon where there has not been a separate determination by the jury that he used the weapon in the commission of his crime.
¶58 For these reasons, I would reverse the judgment of the District Court and remand to the District Court for a new trial with proper instructions to the jury. Aside from that result, I would strike the enhancement of Courville’s sentence pursuant to § 46-18-221, MCA, for lack of a jury determination that he, in fact, used a weapon in the commission of his crime.